ORIGINAL

FILED
SEP 13 2004
U.S. COURT OF
FEDERAL CLAIMS

# In The United States Court of Federal Claims

GOLDEN MANUFACTURING CO., INC. )
125 Hwy 366, P.O. Box 390 )
Golden, MS 38847 )
Plaintiff )

v. )

THE UNITED STATES )

Defendant )

04-1440C

## COMPLAINT

### I. Parties

1. Plaintiff is Golden Manufacturing Co., Inc. ("Golden"), a Mississippi corporation with its principal place of business at 125 Highway 366, Golden Mississippi, 38847.

2. Defendant is the United States of America, acting through the Defense Logistics Agency ("DLA").

### II. Jurisdiction

3. Jurisdiction is founded upon 28 U.S.C. § 1491(a)(1), and the Contract Disputes Act, 41 U.S.C.§ 601 et seq ("the CDA").

### III. Background

4. On or about October 27, 1998, Golden was awarded Contract SP0100-99-D-0303 ("the Contract") by the Defense Supply Center Philadelphia ("DSCP"), a field activity of DLA.

5. The Contract called for Golden to produce and deliver an indefinite quantity of cold weather, woodland camouflage field coats (minimum 46,000/maximum 300,000 per year) for a base year plus four (4) option years.

6. The Contract included several clauses which require various adjustments from time to time, to wit:

a. Clause H007- "Size Change Reconciliation," which provides, in sum and substance, that there shall be a reconciliation for cloth used based on the size breakdown of the actual orders issued by DSCP versus the original size breakdown in the Contract (i.e., based on a Medium/Regular field coat); reconciliations are to be done by the Administration Officer ("ACO") not more than once every six months nor less than once a year;

b. Clause H016, Transportation Cost Reconciliation (DVD), which provides that the contractor is to bill the freight cost for direct shipments to various military units in lieu of DLA Depots ("direct vendor deliveries") at EIGHTEEN ($0.18) CENTS per field coat; after each quarter the contractor is to submit a reconciliation to the ACO showing the actual freight costs versus the EIGHTEEN ($0.18) CENTS per field coat figure, and the ACO is to make the appropriate contract adjustment, up or down, within thirty (30) days after receipt of the contractor's reconciliation.

7. Pursuant to the Contract, Golden was also required to produce "Special Measurement Items," (i.e., odd sized field coats) from time to time as ordered by DSCP and to then submit its reconciliations to the ACO, covering the additional material and labor associated with the Special Measurement Items; the ACO was then to issue the necessary adjustment to the contract.

**COUNT I**

8. Golden hereby incorporates paragraphs 1-7 of its Complaint as if set forth in full.

9. Among the various orders DSCP issued to Golden were 174 and 178, which varied from the original size breakdown in addition, on order 174, DSCP again changed the color of the field coats from woodland camouflage to desert camouflage.

10. On January 29, 2003 Golden submitted a size change reconciliation to the ACO covering Delivery Orders 174 and 178; the requested adjustment totaled ONE HUNDRED TWENTY-FIVE THOUSAND, FIVE HUNDRED NINETY DOLLARS AND SEVENTY-ONE CENTS ($125,590.71) for additional outer shell material, additional lining material, as well as for the cost of changing the color of 75,000 field coats from woodland camouflage to desert camouflage under order 174.

11. When the ACO failed to issue the necessary contract adjustment (or otherwise act on the reconciliation) within a reasonable time, Golden considered the adjustment request to be disputed by the Government, and on June 9, 2004, re-submitted the reconciliation to the ACO as a claim pursuant to the CDA, requesting a Final Decision.

12. More than SIXTY (60) DAYS have passed since Golden submitted its claim and the ACO has neither issued a Final Decision nor provided a date certain when a Final Decision would be issued.

13. Golden therefore brings this action challenging the "deemed denial" of its claim.

14. Golden is entitled to the claimed contract adjustment, as submitted.

WHEREFORE, Golden requests judgment against Defendant on Count I in the amount of ONE HUNDRED TWENTY-FIVE THOUSAND, FIVE HUNDRED NINETY DOLLARS AND SEVENTY-ONE CENTS ($125,590.71), plus interest from the date the claim was received the ACO.

**COUNT II**

15. Golden hereby incorporates paragraphs 1-7 of its Complaint as if set forth in full.

16. Among the various orders DSCP issued to Golden were numbers 200, 207 and 208 which varied from the original size breakdown; in addition on orders 200 and 207 DSCP

changed the color of the field coats from woodland camouflage to desert camouflage, requiring Golden to order different materials.

17. On August 28, 2003 Golden submitted a reconciliation to the ACO covering Delivery Orders 200, 207 and 208; the requested adjustment was NINETY-TWO THOUSAND, SEVEN HUNDRED NINETY-TWO DOLLARS AND SIXTY-FOUR CENTS ($92,796.64), for additional outer shell material, additional lining material as well as the cost of changing the color of 102,850 field coats from woodland camouflage to desert camouflage under orders 200 and 207.

18. When the ACO failed to issue the necessary adjustment (or otherwise act on the reconciliation) within a reasonable time, Golden considered the adjustment request to be disputed by the Government and, on June 7, 2004, Golden re-submitted the reconciliation to the ACO as a claim pursuant to the CDA, requesting a Final Decision.

19. More than SIXTY (60) DAYS have passed since Golden submitted its claim and the ACO has neither issued a Final Decision nor provided a date certain when a Final Decision would be issued.

20. Golden therefore brings this action challenging the "deemed denial" of its claim.

21. Golden is entitled to the claimed contract adjustment, as submitted.

WHEREFORE, Golden requests judgment against Defendant on Count II in the amount of NINETY-TWO THOUSAND, SEVEN HUNDRED NINETY-SIX DOLLARS AND SIXTY-FOUR CENTS ($92,796.64), plus interest from the date its claim was received by the ACO.

**COUNT III**

22. Golden hereby incorporates paragraphs 1-7 of its Complaint as if set forth in full.

23. On November 14, 2002, Golden submitted its freight reconciliation for the FIFTEETH (15th) quarter of contract performance; pursuant to Clause H016; the reconciliation showed additional freight of ELEVEN THOUSAND, TWO HUNDRED FIFTY-EIGHT DOLLARS AND FIFTY-SEVEN CENTS ($11,258.57) due Golden.

24. As previously stated, the ACO was to act on Golden's reconciliation within Thirty (30) Days.

25. When the ACO failed to act on the reconciliation within the contractually-specified time frame, Golden considered the adjustment request to be disputed by the Government, and, on June 8, 2004, re-submitted the reconciliation as a claim pursuant to the CDA, requesting a Final Decision.

26. More than sixty (60) days have passed since Golden submitted its CDA claim and the ACO has neither issued a Final Decision nor provided a date certain on which a Final Decision will be issued.

27. Golden therefore brings this action, challenging the "deemed denied" of its claim.

28. Golden is entitled to the requested adjustment.

WHEREFORE, Golden requests judgment on Count III in the amount of ELEVEN THOUSAND, TWO HUNDRED FIFTY-EIGHT DOLLARS AND FIFTY-SEVEN CENTS ($11,258.57), plus interest from the date the ACO received Golden's claim.

**COUNT IV**

29. Golden hereby incorporates paragraphs 1-7 of its Complaint as if set forth in full.

30. On February 28, 2003, Golden submitted its freight reconciliation for the SIXTEETH (16th) quarter of contract performance, pursuant to Clause H016; the reconciliation showed additional freight of TWENTY-SIX THOUSAND, THREE HUNDRED THIRTEEN DOLLARS AND FORTY-THREE CENTS ($26,313.43) due Golden.

31. As previously stated, the ACO was to act on Golden's reconciliation within Thirty (30) Days.

32. When the ACO failed to act on the reconciliation request within the contractually-specified time frame, Golden considered the request to be disputed by the Government, and, on June 8, 2004, re-submitted the reconciliation as a claim pursuant to the CDA, requesting a Final Decision.

33. More than sixty (60) days have passed since Golden submitted its CDA claim and the ACO has neither issued a Final Decision nor provided a date certain on which a Final Decision will be issued.

34. Golden therefore brings this action, challenging the "deemed denied" of its claims.

35. Golden is entitled to the requested adjustment.

WHEREFORE, Golden requests judgment on Count IV in the amount of TWENTY-SIX THOUSAND, THREE HUNDRED THIRTEEN DOLLARS AND FORTY-THREE CENTS ($26,313.43), plus interest from the date the ACO received Golden's claim.

**COUNT V**

36. Golden hereby incorporates paragraphs 1-7 of its Complaint as if set forth in full.

37. On August 4, 2003, Golden submitted its freight reconciliation for the SEVENTEETH (17th) quarter of contract performance; the reconciliation showed additional

freight of SEVEN THOUSANDS ONE HUNDRED EIGHTY-TWO DOLLARS AND SEVENTY-SIX CENTS ($7,182.76) due Golden.

38. As previously stated, the ACO was to act on Golden's reconciliation within Thirty (30) Days.

39. When the ACO failed to act on the reconciliation within the contractually-specified time frame, Golden considered the adjustment request to be disputed by the Government, and, on June 8, 2004, re-submitted the reconciliation as a claim pursuant to the CDA, requesting a Final Decision.

40. More than sixty (60) days have passed since Golden submitted its CDA claim and the ACO has neither issued a Final Decision nor provided a date certain on which a Final Decision will be issued.

41. Golden therefore brings this action, challenging the "deemed denied" of its claims.

42. Golden is entitled to the requested adjustment.

WHEREFORE, Golden requests judgment on Count V in the amount of SEVEN THOUSAND ONE HUNDRED EIGHTY-TWO DOLLARS AND SEVENTY-SIX CENTS ($7,182.76), plus interest from the date the ACO received Golden's claim.

**COUNT VI**

43. Golden hereby incorporates paragraphs 1-7 of its Complaint as if set forth in full.

44. On September 28, 2003, Golden submitted its freight reconciliation for the EIGHTTEETH (18th) quarter of contract performance; the reconciliation showed additional freight of TWENTY-TWO THOUSAND EIGHT HUNDRED SIXTY DOLLARS AND SIXTY-SIX CENTS ($22,860.66) due Golden.

45. As previously stated, the ACO was to act on Golden's reconciliation within Thirty (30) Days.

46. When the ACO failed to act on the reconciliation request within the contractually-specified time frame, Golden considered the adjustment request to be disputed by the Government, and, on June 8, 2004, re-submitted the reconciliation as a claim pursuant to the CDA, requesting a Final Decision.

47. More than sixty (60) days have passed since Golden submitted its CDA claim and the ACO has neither issued a Final Decision nor provided a date certain on which a Final Decision will be issued.

48. Golden therefore brings this action, challenging the "deemed denied" of its claims.

49. Golden is entitled to the requested adjustment.

WHEREFORE, Golden requests judgment on Count VI in the amount of TWENTY-TWO THOUSAND EIGHT HUNDRED SIXTY DOLLARS AND SIXTY-SIX CENTS ($22,860.66), plus interest from the date the ACO received Golden's claim.

**COUNT VII**

50. Golden hereby incorporates paragraphs 1-7 of its Complaint as it set forth in full.

51. During the first quarter of 2002, Golden received FOURTEEN (14) orders for Special Measurement Items from DSCP (Delivery Orders 139 through 141, 143 through 151 and 153 through 154).

52. On August 7, 2002, Golden submitted a reconciliation to the ACO for the extra material and labor incurred in fulfilling the FOURTEEN (14) orders for Special Measurement Items received during the first quarter of 2002; the total adjustment requested

by Golden was TWO THOUSAND TWO HUNDRED FORTY-FOUR DOLLARS AND TWNETY-SIX CENTS ($2,244.26).

53. When the ACO failed to issue the requested adjustment or otherwise act on the reconciliation Golden considered the reconciliation to be disputed by the Government, and, on June 9, 2004, Golden resubmitted the reconciliation to the ACO as a CDA Claim, requesting a Final Decision.

54. More than sixty (60) days have passed since Golden submitted its CDA claim and the ACO has neither issued a Final Decision nor provided a date certain on which a Final Decision will be issued.

55. Golden therefore brings this action, challenging the "deemed denied" of its claims.

WHEREFORE, Golden demands judgment against Defendant on Count VII in the amount of TWO THOUSAND TWO HUNDRED FORTY-FOUR DOLLARS AND TWNETY-SIX CENTS ($2,244.26), plus interest from the date the ACO received Golden's claim.

**COUNT VIII**

56. Golden hereby incorporates paragraphs 1-7 of its Complaint as if set forth in full.

57. During the second quarter of 2002, Golden received NINE (9) orders for Special Measurement Items from DSCP (Delivery Orders 155 through 157, and 159 through 164).

58. On January 17, 2003, Golden submitted a reconciliation to the ACO for the extra material and labor incurred in fulfilling the NINE (9) orders for Special Measurement Items received during the second quarter of 2002; the total adjustment requested by Golden was SEVEN HUNDRED SEVENTY-SIX DOLLARS AND ELEVEN CENTS ($776.11).

59. When the ACO failed to issue the requested adjustment or otherwise act on the reconciliation Golden considered the reconciliation to be disputed by the Government, and, on June 9, 2004, Golden resubmitted the reconciliation to the ACO as a CDA Claim, requesting a Final Decision.

61. More than sixty (60) days have passed since Golden submitted its CDA claim and the ACO has neither issued a Final Decision nor provided a date certain on which a Final Decision will be issued.

62. Golden therefore brings this action, challenging the "deemed denied" of its claims.

63. Golden is entitled to the requested adjustment.

WHEREFORE, Golden demands judgment against Defendant on Count VIII in the amount of SEVEN HUNDRED SEVENTY-SIX DOLLARS AND ELEVEN CENTS ($776.11), plus interest from the date the ACO received Golden's claim.

**COUNT IX**

64. Golden hereby incorporates paragraphs 1-7 of its Complaint as it set forth in full.

65. During the third quarter of 2002, Golden received ELEVEN (11) orders for Special Measurement Items from DSCP (Delivery Orders 165 through 173 and 175 through 176).

66. On January 30, 2003, Golden submitted a reconciliation to the ACO for the extra material and labor incurred in fulfilling the ELEVEN (11) orders for Special Measurement Items received during the third quarter of 2002; the total adjustment requested by Golden was ONE THOUSAND THREE HUNDRED THIRTY-FOUR DOLLARS AND EIGHTY-FIVE CENTS ($1,334.85).

67. When the ACO failed to issue the requested adjustment or otherwise act on the reconciliation Golden considered the reconciliation to be disputed by the Government, and, on June 9, 2004, Golden resubmitted the reconciliation to the ACO as a CDA Claim, requesting a Final Decision.

68. More than sixty (60) days have passed since Golden submitted its CDA claim and the ACO has neither issued a Final Decision nor provided a date certain on which a Final Decision will be issued.

69. Golden therefore brings this action, challenging the "deemed denied" of its claims.

70. Golden is entitled to the requested adjustment.

WHEREFORE, Golden demands judgment against Defendant on Count IX in the amount of ONE THOUSAND THREE HUNDRED THIRTY-FOUR DOLLARS AND EIGHTY-FIVE CENTS ($1,334.85), plus interest from the date the ACO received Golden's claim.

**COUNT X**

71. Golden hereby incorporates paragraphs 1-7 of its Complaint as it set forth in full.

72. During the fourth quarter of 2002, Golden received NINE (9) orders for Special Measurement Items from DSCP (Delivery Orders 177, 179 through 184 and 186 through 187).

73. On February 12, 2003, Golden submitted a reconciliation to the ACO for the extra material and labor incurred in fulfilling the NINE (9) orders for Special Measurement Items received during the fourth quarter of 2002; the total adjustment requested by Golden was TWO THOUSAND FOUR HUNDRED TWELVE DOLLARS AND ZERO CENTS ($2,412.00).

74. When the ACO failed to issue the requested adjustment or otherwise act on the reconciliation Golden considered the reconciliation to be disputed by the Government, and, on June 9, 2004, Golden resubmitted the reconciliation to the ACO as a CDA Claim, requesting a Final Decision.

75. More than sixty (60) days have passed since Golden submitted its CDA claim and the ACO has neither issued a Final Decision nor provided a date certain on which a Final Decision will be issued.

76. Golden therefore brings this action, challenging the "deemed denied" of its claims.

77. Golden is entitled to the requested adjustment.

WHEREFORE, Golden demands judgment against Defendant on Count X in the amount of TWO THOUSAND FOUR HUNDRED TWELVE DOLLARS AND ZERO CENTS ($2,412.00), plus interest from the date the ACO received Golden's claim.

Respectfully submitted,

Marc Lamer

MARC LAMER
Attorney for Plaintiff
Golden Manufacturing Co., Inc.

Of Counsel:

Kostos and Lamer, P.C.
1608 Walnut Street, Suite 1300
Philadelphia, PA 19103
(215) 545-0570

Dated: September 10, 2004