IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GOLDEN MANUFACTURING CO., INC., Plaintiff, | ) | No. 04-1440C |
| v. | ) | (Judge Allegra) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Admits.

2. Admits.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits.

5. Admits the allegations contained in paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the

extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Defendant's responses to paragraphs 1 through 7 of the complaint are incorporated by reference.

9. Admits the allegations contained in paragraph 9 to the extent supported by the orders cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits that Golden submitted a claim to the Administrative Contracting Officer ("ACO") dated June 9, 2004; denies the allegations contained in paragraph 11 as to what "Golden considered" for lack of knowledge or information sufficient for form a belief as to their truth; the remainder of the allegations contained in paragraph 11 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

12. Admits.

13. The allegations contained in paragraph 13 constitute conclusions of law, to which no answer is required; to the extent

they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. Defendant's responses to paragraphs 1 through 7 of the complaint are incorporated by reference.

16. Admits the allegations contained in paragraph 16 to the extent supported by the orders cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits that Golden submitted a claim to the ACO dated June 7, 2004; denies the allegations contained in paragraph 18 as to what "Golden considered" for lack of knowledge or information sufficient for form a belief as to their truth; the remainder of the allegations contained in paragraph 18 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

19. Admits.

20. The allegations contained in paragraph 20 constitute conclusions of law, to which no answer is required; to the extent

they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. Defendant's responses to paragraphs 1 through 7 of the complaint are incorporated by reference.

23. Admits the allegations contained in paragraph 23 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. The allegations contained in paragraph 24 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. Admits that Golden submitted a claim to the ACO dated June 8, 2004; denies the allegations contained in paragraph 25 as to what "Golden considered" for lack of knowledge or information sufficient for form a belief as to their truth; the remainder of the allegations contained in paragraph 25 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

26. Admits.

27. The allegations contained in paragraph 27 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Defendant's responses to paragraphs 1 through 7 of the complaint are incorporated by reference.

30. Admits the allegations contained in paragraph 30 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. The allegations contained in paragraph 31 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32. Admits that Golden submitted a claim to the ACO dated June 8, 2004; denies the allegations contained in paragraph 32 as to what "Golden considered" for lack of knowledge or information sufficient for form a belief as to their truth; the remainder of the allegations contained in paragraph 32 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

33. Admits.

34. The allegations contained in paragraph 34 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 constitute

conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36. Defendant's responses to paragraphs 1 through 7 of the complaint are incorporated by reference.

37. Admits the allegations contained in paragraph 37 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38. The allegations contained in paragraph 38 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. Admits that Golden submitted a claim to the ACO dated June 8, 2004; denies the allegations contained in paragraph 39 as to what "Golden considered" for lack of knowledge or information sufficient for form a belief as to their truth; the remainder of the allegations contained in paragraph 39 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

40. Admits.

41. The allegations contained in paragraph 41 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. The allegations contained in paragraph 42 constitute conclusions of law, to which no answer is required; to the extent

they may be deemed allegations of fact, they are denied.

43. Defendant's responses to paragraphs 1 through 7 of the complaint are incorporated by reference.

44. Admits the allegations contained in paragraph 44 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 44.

45. The allegations contained in paragraph 45 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

46. Admits that Golden submitted a claim to the ACO dated June 8, 2004; denies the allegations contained in paragraph 46 as to what "Golden considered" for lack of knowledge or information sufficient for form a belief as to their truth; the remainder of the allegations contained in paragraph 46 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

47. Admits.

48. The allegations contained in paragraph 48 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

49. The allegations contained in paragraph 49 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

50. Defendant's responses to paragraphs 1 through 7 of the complaint are incorporated by reference.

51. Admits the allegations contained in paragraph 51 to the extent supported by the orders cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 51.

52. Admits the allegations contained in paragraph 52 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 52.

53. Admits that Golden submitted a claim to the ACO dated June 9, 2004; denies the allegations contained in paragraph 53 as to what "Golden considered" for lack of knowledge or information sufficient for form a belief as to their truth; the remainder of the allegations contained in paragraph 53 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

54. Admits.

55. The allegations contained in paragraph 55 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

56. Defendant's responses to paragraphs 1 through 7 of the complaint are incorporated by reference.

57. Admits the allegations contained in paragraph 57 to the

extent supported by the orders cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 57.

58. Admits the allegations contained in paragraph 58 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 58.

59. Admits that Golden submitted a claim to the ACO dated June 9, 2004; denies the allegations contained in paragraph 59 as to what "Golden considered" for lack of knowledge or information sufficient for form a belief as to their truth; the remainder of the allegations contained in paragraph 59 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

60. [paragraph 60 omitted from complaint]

61. Admits.

62. The allegations contained in paragraph 62 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

63. The allegations contained in paragraph 63 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

64. Defendant's responses to paragraphs 1 through 7 of the complaint are incorporated by reference.

65. Admits the allegations contained in paragraph 65 to the extent supported by the orders cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 65.

66. Admits the allegations contained in paragraph 66 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 66.

67. Admits that Golden submitted a claim to the ACO dated June 9, 2004; denies the allegations contained in paragraph 67 as to what "Golden considered" for lack of knowledge or information sufficient for form a belief as to their truth; the remainder of the allegations contained in paragraph 67 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

68. Admits.

69. The allegations contained in paragraph 69 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

70. The allegations contained in paragraph 70 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

71. Defendant's responses to paragraphs 1 through 7 of the complaint are incorporated by reference.

72. Admits the allegations contained in paragraph 72 to the extent supported by the orders cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 72.

73. Admits the allegations contained in paragraph 73 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 73.

74. Admits that Golden submitted a claim to the ACO dated June 9, 2004; denies the allegations contained in paragraph 74 as to what "Golden considered" for lack of knowledge or information sufficient for form a belief as to their truth; the remainder of the allegations contained in paragraph 74 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

75. Admits.

76. The allegations contained in paragraph 76 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

77. The allegations contained in paragraph 77 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

78. Denies that plaintiff is entitled to the relief set forth in the prayers for relief immediately following paragraphs

14, 21, 28, 35, 42, 49, 55, 63, 70, and 77, or to any relief whatsoever.

79. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Michael J. Dierberg
MICHAEL J. DIERBERG
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Telephone: (202) 353-0536
Facsimile: (202) 307-0972

Attorneys for Defendant

January 14, 2005